IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN EDWARD HAMMOND, Jr.** | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | **CIVIL ACTION NO. 21-CV-3688** |
| | : | |
| **THOMAS ACERNO,** *et al.*, | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 4th day of November, 2021, upon consideration of Plaintiff John Edward Hammond, Jr.'s *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. For the reasons stated in the Court's Memorandum, all official capacity claims against Defendants SA.Thomas Acerno "HSI", SA. Christopher Chase "HSI", SA. David Helper "HSI", SA. Dominc Raguz "ATF", SA. Name Unknown "Postal Worker", all SA. Name Unknown "ICE", and all "PSP Name Unknown SERT" are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915A.

2. For the reasons stated in the Court's Memorandum, the following claims in Hammond's Complaint are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915A:

    a. All official capacity claims against Defendants TPD Name Unknown "Towamencin Police";

    b. The "knock and announce"/official oppression claims against Defendants SA. Dominic Raguz "ATF", SA. Name Unknown "Postal Worker", and all SA. Name Unknown "ICE";

      c.      The excessive force/official oppression claims against Defendants TPD Name Unknown "Towamencin Police", SA. Dominic Raguz "ATF", SA. Name Unknown "Postal Worker", and all SA. Name Unknown "ICE";

      d.      The Fourth Amendment initiating falsehood/official oppression claims against all Defendants except Defendant SA. Thomas Acerno "HSI";

      e.      The deliberate indifference to medical needs claims against all Defendants except Defendants SA. Thomas Acerno "HSI" and SA. Christopher Chase "HSI".

3.      The Clerk of Court is **DIRECTED** to send Hammond a blank copy of the Court's standard form complaint for prisoners to use to file a civil rights complaint bearing the above civil action number.[1]

4.      Hammond is given thirty (30) days to file an amended complaint in the event he can allege additional facts to cure the defects the Court has identified in the claims dismissed without prejudice.  Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Hammond's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 21-3688.  If Hammond files an amended complaint, his amended complaint **must** be a complete document that includes all of the bases for Hammond's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims.  **Claims that are not included in the amended complaint will not be considered part of this case**.  When drafting his amended complaint, Hammond should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum and provide specific

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

factual allegations against each named Defendant.  Hammond may **NOT** reassert any claim already dismissed with prejudice.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

5. If Hammond does not file an amended complaint the Court will direct service of his initial Complaint for a responsive pleading on the following claims **only**:  (a) claims alleging Defendants Acerno, Chase, Hepler, the unknown Pennsylvania Troopers, and the unknown Towamencin police officers conducted an unauthorized no-knock entry; (b) claims alleging excessive force against Defendants Acerno, Chase, Hepler, and the unknown Pennsylvania Troopers; (c) the claim against Defendant Acerno for allegedly making false statements in the warrant application; and (d) the claims for deliberate indifference to Hammond's medical needs against Defendants Acerno and Chase.

6. Hammond may also notify the Court that he seeks to proceed on this basis only rather than file an amended complaint.  If he files such a notice, the Court will direct service without waiting for the balance of the thirty day period to expire.  Hammond is reminded to include the case number for this case, 21-3674.

7. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

        **BY THE COURT:**

        /s/ Chad F. Kenney

        **CHAD F. KENNEY, J.**