IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN E. HAMMOND, JR., | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS ACERNO, ET AL., | : | NO. 21-3688 |
| *Defendants*. | : | |

MEMORANDUM

**KENNEY, J.**                                                                                                         **April 23, 2025**

On August 16, 2021, Plaintiff John E. Hammond, Jr. filed a *pro se* civil rights action naming several federal, state, and local officials as defendants in their official and individual capacities, including Homeland Security Investigations ("HSI") agents Thomas Acerno, Christopher Chase, and David Hepler (collectively, "Defendants"). ECF No. 2 ("Compl."). After screening Plaintiff's Complaint under 28 U.S.C. § 1915A, this Court dismissed most of his claims with prejudice, but allowed the following four *Bivens* claims to proceed: (1) claims alleging that Defendants Acerno, Chase, and Hepler conducted an unauthorized no-knock entry; (2) claims alleging excessive force against Defendants Acerno, Chase, Hepler; (3) a claim against Defendant Acerno for allegedly making false statements in the warrant application; and (4) claims for deliberate indifference to Hammond's medical needs against Defendants Acerno and Chase.[1] ECF No. 6 at 14.

---

[1] This Court also previously permitted certain of Hammond's claims alleging that (1) "unknown Pennsylvania Troopers[] and the unknown Towamencin police officers conducted an unauthorized no-knock entry" and (2) "unknown Pennsylvania Troopers" exercised excessive force to proceed. *See* ECF No. 6 at 14. However, to date, Plaintiff has not identified any of the unknown state or local law enforcement officers. Because Plaintiff litigated his criminal conviction and pursued an appeal concurrent with the instant action, he presumably should now have knowledge of the identities of the unidentified individuals involved in the search and arrest. Accordingly, Plaintiff

Now, Defendants move for judgment on the pleadings on the basis that recent Supreme Court and Third Circuit precedent interpreting *Bivens* claims precludes Plaintiff from proceeding on his remaining claims. *See* ECF No. 56-1 ("Mtn.") at 6–23. After review of the relevant precedent, this Court agrees. Accordingly, the Court grants Defendants' motion and enters judgment in their favor on all claims.[2]

## I.  PROCEDURAL BACKGROUND[3]

Following the Court's screening of Plaintiff's Complaint, Plaintiff notified the Court of his intention to proceed on the non-dismissed claims in his original complaint. ECF No. 8. Accordingly, on May 10, 2022, Defendants Acerno, Chase, and Hepler each filed answers to the remaining claims.

Hammond's criminal proceedings continued parallel to the instant civil action. *See* ECF No. 41. In July 2022, the Court overseeing Hammond's criminal action accepted Hammond's open guilty plea to two counts of the indictment. *See* ECF No. 31. Hammond subsequently filed multiple requests to withdraw his plea, each of which the criminal court denied. *See United States v. Hammond*, Crim. No. 19-cr-517, ECF Nos. 165, 172, 187 (E.D. Pa.). Following these denials,

---

will have thirty (30) days from the date of this Memorandum Opinion and Order to identify the unnamed Pennsylvania Troopers and Towamencin police officers.

[2] As the Defendants point out, the Court is not precluded from readdressing its § 1915A screening holding on the *Bivens* claims as against the three remaining named Defendants. *See* Mtn. at 5–6; *c.f. Wiggins v. Universal Prot. Servs.*, No. CV 20-5617, 2022 WL 493410, at *5 (E.D. Pa. Feb. 17, 2022) (finding that "initial review[] and acceptance[] of a complaint during the § 1915A" screening process does not later preclude dismissal under Federal Rules of Civil Procedure 12(b)(6), *aff'd sub nom. Wiggins v. Universal Prot. Servs. LLC*, No. 22-1491, 2022 WL 4116912 (3d Cir. Sept. 9, 2022).

[3] The Court adopts its recitation of facts from its November 4, 2021 Memorandum granting in part and dismissing in part Plaintiff's Complaint. *See* ECF No. 6 at 2–5.

in January 2023, the district court sentenced Hammond to 84 months' imprisonment and three years of supervised release. *See* ECF No. 41. The appeal of his criminal conviction followed. *Id.*

This Court, at Defendants' request, had stayed the civil proceedings pending the resolution of Hammond's criminal action. ECF No. 29. However, developments in the Third Circuit's *Bivens* case law raised questions about whether Hammond's civil claims in the instant action could proceed. *See* ECF No. 54. Subsequently, the Court granted the Defendants' request to file a pre-discovery motion for judgment on the pleadings, ECF No. 55, and Defendants filed the instant motion on September 27, 2024. Mtn. at 1.

On February 3, 2025, Plaintiff voluntarily dismissed the Third Circuit appeal of his criminal conviction. *See* ECF No. 61. To the Court's knowledge, no other challenges to Plaintiff's conviction remain pending.

## II.      LEGAL STANDARD

A motion for judgment on the pleadings under Rule 12(c) is "analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Revell v. Port Auth. of N.Y., N.J.*, 598 F.3d 128, 134 (3d Cir. 2010) (citation omitted). Under that standard, the Court "accept[s] as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them," and dismisses the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Haynes v. Metro. Life Ins. Co.*, 94 F. App'x 956, 958 (3d Cir. 2004) (internal citations omitted). On a motion for judgment on the pleadings, "a court must consider only those documents contained in the pleadings." *Main St. Am. Assurance Co. v. Connolly Contractors, Inc.*, 587 F. Supp. 3d 256, 266 (E.D. Pa. 2022) (citing *Moco Invs., Inc. v. United States*, 362 F. App'x 305, 307 n.4 (3d Cir. 2010)).

### III. <u>DISCUSSION</u>

There is no *Bivens* remedy available to Hammond here. Plaintiff fails to state a cognizable *Bivens* claim, and the Court declines to extend *Bivens* under these circumstances. Accordingly, Defendants' Motion for Judgment on the Pleadings (ECF No. 56) is granted.[4]

#### A. **Plaintiff fails to state cognizable *Bivens* claims.**

Under 42 U.S.C. § 1983, plaintiffs may recover for violations of federal rights committed by *state* actors. But as described by the Third Circuit in *Fisher v. Hollingsworth*, "Congress has yet to create a similar cause of action to vindicate violations of federal rights by *federal* officers." 115 F.4th 197, 203 (3d Cir. 2024) (emphasis in original). Although the Supreme Court has implied a cause of action against federal officials in three limited circumstances—namely, (1) *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); (2) *Davis v. Passman*, 442 U.S. 228 (1979); and (3) *Carlson v. Green*, 446 U.S. 14 (1980)—since these cases, the Court has not done so.

The Supreme Court recently acknowledged that "recognizing a cause of action under *Bivens* is 'a disfavored judicial activity.'" *Egbert v. Boule*, 596 U.S. 482, 491 (2022) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017)). Therefore, a district court need exercise caution in

---

[4] Defendants further argue, in a status report dated March 4, 2025, that because Mr. Hammond withdrew his appeal of his criminal conviction with the Third Circuit, his claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). ECF No. 61. In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486. "[T]he reasoning in *Heck* has been applied to bar *Bivens* claims." *Lora-Pena v. F.B.I.*, 529 F.3d 503, 505 n.2 (3d Cir. 2008) (per curiam). The Court is not aware of any attempts outside of Hammond's criminal appeal to challenge his conviction, and Hammond has now voluntarily dismissed his criminal appeal. However, the Court need not reach the issue of whether *Heck* applies in order to determine the instant motion and will decline to do so.

implying a cause of action under *Bivens*. *Id.* The Third Circuit recently echoed these words of caution, admonishing that "lower courts should not extend Bivens beyond the contexts recognized [by the Supreme Court] in *Bivens*, *Davis*, and *Carlson*." *Fisher*, 115 F.4th at 204.

*Bivens*, *Davis*, and *Carlson* each expressly provide for an implied damages cause of action against federal actors. In *Bivens*, "the Supreme Court implied a cause of action against federal drug agents whose warrantless search of a home violated the Fourth Amendment." *Id.* at 203. In *Davis v. Passman*, the Supreme Court "created a Fifth Amendment damages action against a Congressman who fired a staffer because she was a woman." *Id.* Then, in *Carlson v. Green*, the Court "implied an Eighth Amendment damages action against federal prison officials who failed to provide medical care to an asthmatic prisoner." *Id.*

In 2017, the Supreme Court "established a restrictive test" for extending *Bivens* under *Ziglar v. Abbasi*, and in 2022, the Supreme Court further clarified that test in *Egbert v. Boule*. And as the Third Circuit clarified in *Fisher*, under *Egbert*, a plaintiff may recover under a *Bivens* theory only if his case "is indistinguishable from *Bivens*, *Davis*, or *Carlson*." *Fisher*, 115 F.4th at 205 (citing *Egbert*, 596 U.S. at 493). Accordingly, when presented with a *Bivens* claim, the Court must ask itself two questions: (1) "whether [the plaintiff's] case differs meaningfully from *Bivens*, *Davis*, and *Carlson*," and if it does, (2) "whether any special factor indicates that the judiciary may be less suited than Congress to weigh the costs and benefits of a damages remedy." *Id.* at 206–07.

Applied here, each of Plaintiff's claims differs meaningfully from *Bivens*, *Davis*, and *Carlson*, and "special factors" weigh against permitting Hammond's claims. Accordingly, the Court declines to recognize a new *Bivens* cause of action under these circumstances.[5]

---

[5] Because the Court finds that Plaintiff fails to state cognizable *Bivens* claims, it need not address Defendants' qualified immunity argument as an alternative basis for dismissal. Mtn. at 23; *see*

5

### 1. Each of Plaintiff's claims differs meaningfully from *Bivens*, *Davis*, and *Carlson*.

Whether a case raises a "new" *Bivens* context "is an 'easily satisfied' test because 'a modest extension of the *Bivens* action is still an extension[,]'" meaning "[e]ven 'significant parallels to one of the Supreme Court's previous *Bivens* cases' may not be enough." *Henry v. Essex Cnty.*, 113 F.4th 355, 361 (3d Cir. 2024) (quoting *Abbasi*, 582 U.S. at 147–49). Indeed, "a case can differ meaningfully from *Bivens*, *Davis*, and *Carlson* even when it involves the same constitutional right as one of those cases." *Fisher*, 115 F.4th at 206.

As stated above, following the Court's Memorandum granting in part and dismissing in part Plaintiff's Complaint, the following four claims against Defendants remain: (1) claims alleging that Defendants Acerno, Chase, and Hepler conducted an unauthorized no-knock entry; (2) claims alleging excessive force against Defendants Acerno, Chase, and Hepler; (3) a claim against Defendant Acerno for allegedly making false statements in the warrant application; and (4) claims for deliberate indifference to Hammond's medical needs against Defendants Acerno and Chase. ECF No. 6 at 14. As further described below, each of Plaintiff's claims would extend the *Bivens* cause of action beyond *Bivens*, *Davis*, or *Carlson*, thereby presenting a "new" context.

---

*also Jones v. Gansky*, No. 23-CV-2967, 2024 WL 4466673, at *7 n.9 (E.D. Pa. Oct. 10, 2024) ("Because the Court agrees with [defendant] that he was acting under color of federal law and that no *Bivens* remedy is available, it need not address [his] alternative arguments—that [he] is... entitled to qualified immunity for his participation in [plaintiff's] prosecution."); *Dorsey v. Burns*, No. CV 22-431(RMB-EAP), 2024 WL 3964254, at *3 (D.N.J. Aug. 28, 2024) (finding it need not resolve defendants' qualified immunity argument because the court had already declined to imply a new *Bivens* cause of action). For the same reason, the Court need not address Defendants' argument that Plaintiff cannot hold Defendant Hepler liable under a theory of "supervisory liability." Mtn. at 23.

### a. Hammond's "knock-and-announce" claim

First, Hammond alleges that Defendant HSI agents Acerno, Chase, and Hepler violated knock-and-announce rules in contravention of the Fourth Amendment. Compl. at 10; ECF No. 6 at 7–8. The Court finds that the circumstances here present a new *Bivens* context.

Facially, both *Davis* and *Carlson* are inapplicable here, as they do not concern claims under the Fourth Amendment. On the other hand, while *Bivens* itself concerns a Fourth Amendment claim, a "superficial similarit[y]" between the constitutional claims in both cases is "not enough to support the judicial creation of a cause of action." *Egbert*, 596 U.S. at 495; *see also McIntyre v. U.S. Marshals Serv.*, Civ. No. 18-1268, 2023 WL 2447424, at *4 (D.N.J. Mar. 10, 2023) ("A common constitutional basis, in the sense of citing the same amendment, is simply not enough to link a new Bivens theory to an existing *Bivens* context." (internal quotations omitted)).

*Bivens* involved a Fourth Amendment claim against Federal Bureau of Narcotics agents, not HSI agents acting on behalf of the U.S. Department of Homeland Security, suggesting that Plaintiff is attempting to hold a "new category of defendant[]" liable. *See Bivens*, 403 U.S. at 389; *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020) (explaining that the first prong of the *Bivens* inquiry asks "whether the request involves a claim that arises in a new context or involves a new category of defendants" (internal quotations omitted)). At least one Circuit Court has recognized that Fourth Amendment claims against HSI agents are distinct from the Fourth Amendment claims asserted against Federal Bureau of Narcotics agents for *Bivens* purposes. *See Sheikh v. U.S. Dep't of Homeland Sec.*, 106 F.4th 918, 925 (9th Cir. 2024).

The Court also recognizes that the alleged law enforcement misconduct present in this case is distinct from that in *Bivens*. In *Bivens*, law enforcement officers executed a warrantless narcotics search, while in this case, Plaintiff recognizes that the HSI agents were in possession of a search warrant. Compl. at 11; *Bivens*, 403 U.S. at 389; *see also Henry*, 113 F.4th at 362 (comparing a

7

search pursuant to a valid warrant to the warrantless search in *Bivens* and finding that a new context was present). These distinctions indicate that the instant Fourth Amendment claim is readily distinguishable from the one in *Bivens*. And, because the Court sees no similarity between the instant case and the claims set forth in *Davis* or *Carlson*, a new *Bivens* context presents itself here.

### b. Hammond's excessive force claim

Next, this Court construed Hammond's "official oppression" claim to include an "excessive force *Bivens* claim" against Defendants Acerno, Chase, and Hepler. ECF No. 6 at 9–10. The Court finds that the circumstances here present a new *Bivens* context. The claim is facially dissimilar to *Carlson* and *Davis* but presents a potentially analogous alleged Fourth Amendment violation akin to *Bivens*. However, as with Hammond's "knock-and-announce" claim, there are distinctions evidencing that the "excessive force" claim presents a new *Bivens* context.

First, Hammond seeks to hold the HSI agents accountable, whereas *Bivens* involved claims against agents from the Federal Bureau of Narcotics. *See Hernandez*, 589 U.S. at 102. Therefore, Hammond seeks to hold a new category of defendants liable under *Bivens*.

Further, although the circumstances that Hammond alleges constitute "excessive force" may initially seem parallel to those in *Bivens*, they are not "indistinguishable" from *Bivens*. *Fisher*, 115 F.4th at 205. In *Bivens*, federal agents entered the plaintiff's home, arrested him without a warrant, "manacled petitioner in front of his wife and children, and threatened to arrest the entire family." 403 U.S. at 389–90. Here, the allegations underlying Hammond's "excessive force" claim include that he was awoken by masked men with guns (whom he identifies as "PSP-SERT and HSI-Agents"), grabbed by his neck chain, and kicked by officers acting pursuant to a warrant. *See* Compl. at 10. Hammond further alleges that both he and his wife were handcuffed and separated for the duration of the search. *Id.* The alleged circumstances here vary from those of *Bivens* and therefore present a new *Bivens* context.

### c. Hammond's false statements claim

Third, Hammond claims that Defendant Acerno made false statements in the affidavit underlying the obtained search warrant in violation of the Fourth Amendment. Compl. at 15; ECF No. 6 at 10. The Court finds that the "false statements" claim presents a new *Bivens* context, as the claim is facially dissimilar to both *Carlson* and *Davis* and distinct from the circumstances of *Bivens*.

As previously stated, Plaintiff attempts to find a "new category of defendant," *i.e.*, Defendant HSI agent Acerno, liable under the Fourth Amendment for the statements made in the search warrant application. *Hernandez*, 589 U.S. at 102. Further, the Fourth Amendment right that Hammond alleges is implicated by Defendant Acerno's conduct differs from that of *Bivens*. In *Bivens*, officers conducted Bivens' arrest without a warrant, whereas here, a warrant was present. *Bivens*, 403 U.S. at 389. The circumstances therefore implicate two separate rights under the Fourth Amendment. Specifically, *Bivens* implicated the Fourth Amendment's protection from "unreasonable warrantless searches and seizures;" conversely, Hammond's allegation implicates the Fourth Amendment's guarantee that "no Warrants shall issue, but upon probable cause." *See* U.S. Const. amend. IV; *Annappareddy v. Pascale*, 996 F.3d 120, 135–36 (4th Cir. 2021) (dismissing Fourth Amendment *Bivens* claim alleging that law enforcement made false statements to procure a search warrant).

Accordingly, the Court finds that Hammond's Fourth Amendment "false statement" claim creates a new *Bivens* context.

### d. Hammond's deliberate indifference claim

Finally, Hammond alleges a deliberate indifference to medical needs claim against Defendants Acerno and Chase. Compl. at 10–11. Historically, the Supreme Court had considered deliberate indifference in the *Bivens* context in *Farmer v. Brennan*, 511 U.S. 825 (1994).

9

However, the Third Circuit in *Kalu v. Spaulding* made clear that "*Farmer* does not present an established *Bivens* context." *Kalu*, 113 F.4th 311, 329–30 (3d Cir. 2024). Accordingly, the Court must consider whether Hammond's deliberate indifference claim presents a new *Bivens* context.

Hammond's deliberate indifference claim bears most similarity to *Carlson*,[6] which established a *Bivens* cause of action where "federal prison officials [] failed to provide medical care to an asthmatic prisoner." *Fisher*, 115 F.4th at 203. The Supreme Court recounted the facts underlying the alleged Eighth Amendment violation in *Carlson* as follows:

> [The prison officials] being fully apprised of the gross inadequacy of medical facilities and staff at the Federal Correction Center in Terre Haute, Ind., and of the seriousness of [the prisoner's] chronic asthmatic condition, nonetheless kept him in that facility against the advice of doctors, failed to give him competent medical attention for some eight hours after he had an asthmatic attack, administered contra-indicated drugs which made his attack more severe, attempted to use a respirator known to be inoperative which further impeded his breathing, and delayed for too long a time his transfer to an outside hospital. The complaint further alleges that [the prisoner's] death resulted from these acts and omissions, that petitioners were deliberately indifferent to [his] serious medical needs, and that their indifference was in part attributable to racial prejudice.

446 U.S. at 16 n.1.

First, the Court need note Hammond's allegation that he was in the process of being searched and arrested in his own home when his health complication arose. Compl. at 10–11. Hammond's status as a pretrial detainee, rather than a convicted prisoner like the inmate in *Carlson*, indicates that a different constitutional right is implicated than that in *Carlson*—the Fifth Amendment. *See, e.g.*, *Abbasi*, 582 U.S. at 148 ("The constitutional right is different here, since *Carlson* was predicated on the Eighth Amendment and this claim is predicated on the Fifth."); *see also McFadden v. Dalmasi*, 837 F. App'x 135, 136–37 & n.3 (3d Cir. 2020) (quoting *Hubbard v.*

---

[6] For avoidance of doubt, while *Davis v. Passman* involved a Fifth Amendment claim, the circumstances alleged by Hammond vary drastically from that of *Davis*, which involved a sex discrimination claim by a congressional staffer. *See Davis*, 442 U.S. at 230–31. Additionally, the Fourth Amendment claim in *Bivens* is facially dissimilar from the instant claim.

*Taylor*, 399 F.3d 150, 155–56 (3d Cir. 2005)).  The distinct constitutional postures give the Court pause, indicating that a new context is present here.  *But see Carattini v. Behun*, No. 21 CIV. 9373 (NSR), 2024 WL 3274663, at *6 (S.D.N.Y. July 2, 2024) ("Accordingly, the fact that Plaintiff's *Bivens* claim for deliberate indifference to serious medical needs is brought under the Fifth Amendment as opposed to the Eighth Amendment claim recognized in *Carlson* does not mean that the claim arises in a new context.").

In any event, even if the same constitutional right were implicated in each case, the nature and severity of the circumstances at issue also distinguish the instant matter from *Carlson*.  *See Bettis v. Grijalva*, No. 21-cv-07505, 2023 WL 4141869, at *6 (S.D.N.Y. June 23, 2023) ("Courts have routinely found [that] variances in circumstances and severity render deliberate indifference claims different from *Carlson* and thus arise in a 'new context.'") (citing cases).  The agents on the premises did not permit Hammond to take his anxiety and pain medication, causing his stress levels to rise and resulting in him fainting.  Compl. at 10–11.  Hammond was thereafter transported to and treated at a hospital, though he alleges that he does not recall being there.  *Id*.  *Carlson*, on the other hand, involved the repeated denial of medical treatment for an asthmatic prisoner ultimately resulting in the prisoner's death.  *Carlson*, 446 U.S. at 16 n.1.  Accordingly, the instant case is distinct from *Carlson*, and therefore presents a new context.

\* \* \*

Each of Plaintiff's remaining *Bivens* claims present a "new" *Bivens* context, fulfilling the first prong of the Supreme Court's *Abbasi* analysis.

### 2. Special factors counsel against fashioning a *Bivens* remedy.

The Court now must analyze whether any special factors are present indicating that Congress is better suited to fashion a *Bivens* remedy under the circumstances.  The Court concludes that such special factors exist.

The "special factors" analysis requires that the Court consider "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Kalu*, 113 F.4th at 326 (quoting *Abbasi*, 582 U.S. at 136) (internal quotations omitted). "At this stage, two factors are particularly weighty: the existence of an alternative remedial structure and separation-of-powers principles." *Id*. (internal quotations omitted). However, "[a]ny special factor—even one—suffices to foreclose a new *Bivens* cause of action." *Fisher*, 115 F.4th at 207. Put differently, the presence of a "single reason to pause" bars the Court from recognizing a *Bivens* remedy. *Id.*

Hammond's claims are foreclosed by the presence of special factors indicating that Congress is best equipped to fashion a damages remedy for his claims.

First, the Supreme Court in *Egbert* made clear that "uncertainty alone" regarding the potential "consequences of recognizing a cause of action under *Bivens*" is a special factor in and of itself. 596 U.S. at 493. As discussed above, the circumstances here undoubtedly present a new *Bivens* context. Accordingly, because at least one special factor is present, the Court declines to fashion a *Bivens* remedy.

For avoidance of doubt, an alternative remedial structure also exists to resolve Plaintiff's claims (at least partially),[7] presenting an additional special factor. Defendants point to 8 C.F.R. §§ 287.10(a)–(b), which require that DHS investigate "alleged violations of the standards for enforcement activities" by U.S. Immigration and Customs Enforcement ("ICE") officers and accept complaints from "any persons wishing to lodge a complaint." 8 C.F.R. §§ 287.10(a)–(b);

---

[7] "[T]he government's procedures need not be as effective as an individual damages remedy to foreclose *Bivens* relief." *Barry v. Anderson*, No. 22-3098, 2023 WL 8449246, at *4 (3d Cir. Dec. 6, 2023) (citing *Egbert*, 596 U.S. at 497–98).

*see also Barry*, 2023 WL 8449246, at *4 (recognizing 8 C.F.R. § 287.10 as an alternative remedial scheme when *Bivens* claim was brought against ICE officer) (citing *Egbert*, 596 U.S. at 497). Because they are employed by a subsidiary of ICE, HSI agents are subject to investigations under this regulation.[8]

Additionally, separation of powers concerns are present. First, fashioning a *Bivens* remedy here could "interfere with cooperation among federal, local, and state law enforcement agencies to combat" firearm offenses. *Cf. Jones*, 2024 WL 4466673, at *10. In addition, as a general matter, "[t]he Constitution entrusts Congress, not the courts, with the power to create new federal causes of action and remedies." *Dongarra v. Smith*, 27 F.4th 174, 180 (3d Cir. 2022).

Because special factors abound that give the Court reason to pause, it will decline to fashion a *Bivens* remedy for each remaining claim against Defendants Chase, Acerno, and Hepler. As a result, these claims are dismissed.

### B. Dismissal With Prejudice

Defendants argue in their motion that Hammond's *Bivens* claims should be dismissed with prejudice. *See* Mtn. at 25. The Court agrees and will dismiss Hammond's claims against Defendants with prejudice, finding their deficiencies incurable. *See, e.g.*, *Gedeon v. Att'y Gen.*, No. 2:22-CV-03595-JMG, 2025 WL 823952, at *4 (E.D. Pa. Mar. 14, 2025) (dismissing Plaintiff's claims with prejudice for failure to state "cognizable claims under *Bivens*").

---

[8] The Court takes judicial notice of the fact that HSI falls under ICE's purview. *See* "Who We Are," U.S. Immigration and Customs Enforcement (last accessed Apr. 23, 2025), https://www.ice.gov/about-ice/hsi; *Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017) (noting that a court may take judicial notice of information published on a government website).

## IV.     CONCLUSION

For the foregoing reasons, Hammond's claims for damages under *Bivens* are dismissed with prejudice because special factors advise against the implication of a *Bivens* remedy for all four remaining claims against Defendants. Hammond will not be permitted to amend his complaint as to Defendants Chase, Acerno, and Hepler because the deficiencies in his claims cannot be cured. Hammond will have thirty (30) days from the date of this Memorandum and Order to identify the unknown Pennsylvania Troopers and Towamencin police officers. An appropriate order follows.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**