**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN E. HAMMOND JR.,** *Plaintiff,* | : | **CIVIL ACTION** |
| **v.** | : | **No. 21-3688** |
| **THOMAS ACERNO, ET AL.,** *Defendants.* | : | |

**MEMORANDUM**

**KENNEY, J.** **AUGUST 28, 2026**

The Court writes for the benefit of the parties. Plaintiff originally initiated this action *pro se* on August 16, 2021. *See* ECF No. 2. On April 23, 2025, the Court granted Defendants Thomas Acerno's, Christopher Chase's, and David Hepler's Motion for Judgment on the Pleadings and dismissed with prejudice the remaining claims asserted against them in the Complaint. *See* ECF Nos. 62, 63. In its Memorandum, the Court explained that it had previously allowed certain of Plaintiff's claims against "unknown Pennsylvania Troopers" and "unknown Towamencin police officers" to proceed. *See* ECF No. 62 at 1 n.1; *see also* ECF No. 7 ¶ 5 (explaining the claims that remained after screening). However, the Court also noted that Plaintiff had failed to identify "any of the unknown state or local law enforcement officers" he had named as Defendants. ECF No. 62 at 1 n.1. Moreover, the Court explained that "[b]ecause Plaintiff [had] litigated his criminal conviction and pursued an appeal concurrent with the instant action, he presumably should now have knowledge of the identities of the unidentified individuals involved in the search and arrest." *Id.* Therefore, rather than dismissing the unknown Defendants at that time, the Court gave Plaintiff thirty days to amend his Complaint to name them. *Id.* at 1 n.1, 14. In addition, the Court informed Plaintiff that failure to file an amended complaint identifying the unnamed Pennsylvania Troopers

and Towamencin police officers within thirty days would result in a final order dismissing the case against all Defendants. *See* ECF No. 63 ¶ 2.

Almost one month later, on May 20, 2025, Plaintiff filed a notice of appeal of the Court's April 23, 2025 Memorandum and Order. *See* ECF No. 64. On June 18, 2026, the Third Circuit affirmed this Court's decision in a nonprecedential opinion. *See Hammond v. Acerno*, No. 25-2022 (3d Cir.), ECF Nos. 33, 34. On August 10, 2026, a mandate was issued. *See* ECF No. 67. This case is therefore before this Court again.

Throughout the time that Plaintiff's case was on appeal, this case was not stayed and remained open. Accordingly, Plaintiff has, in effect, had over another year to identify and serve the unnamed Pennsylvania Troopers and Towamencin police officers. However, Plaintiff did not file an amended complaint within the deadline that the Court previously set, nor did Plaintiff request leave to amend his complaint while his case was on appeal. Accordingly, the Court will interpret Plaintiff's inaction in this case as an intention to stand on his original Complaint. *See Weber v. McGrogan*, 939 F.3d 232, 239–40 (3d Cir. 2019) (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint); *see also In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").[1]

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108

"[O]n its own, [a] court may at any time, on just terms, add or drop a party[,]" including any unnamed Defendants. Fed. R. Civ. P. 21; *see also Waris v. Mackey*, No. 09-cv-1103, 2009 WL 4884204, at * 15 (E.D. Pa. Dec. 15, 2009) ("A court may drop John Doe defendants under" Rule 21 (citing *Blakeslee v. Clinton Cnty.*, 336 F. App'x 248, 250 (3d Cir. 2009))). In addition, the Third Circuit has held that "an action cannot be maintained solely against Doe defendants." *Hindes v. F.D.I.C.*, 137 F.3d 148, 155 (3d Cir. 1998); *see also Wheeler v. Corr. Emergency Response Team*, No. 18-cv-3813, 2019 WL 2715636, at *5 n.4 (E.D. Pa. June 28, 2019) ("The Third Circuit has held that 'an action cannot proceed solely against unnamed parties,' so that the dismissal of all named parties requires dismissal of the entire suit." (quoting *Hindes*, 137 F.3d at 159)); *Scheetz v. Morning Call, Inc.*, 747 F. Supp. 1515, 1535 n.31 (E.D. Pa. 1990) ("However liberal our Rules [of Civil Procedure], they do not contemplate a plaintiff proceeding without a defendant, save in the most extraordinary of circumstances (for example, temporary restraining orders; and those expire in short order)."), *aff'd sub nom.*, 946 F.2d 202 (3d Cir. 1991).

As discussed above, the Court has dismissed all of the remaining claims against the named Defendants—Thomas Acerno, Christopher Chase, and David Hepler—and the dismissal of those claims has now been affirmed by the Third Circuit.[2] That leaves only the unnamed Pennsylvania

n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 n.2 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accts. Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

[2] The Court also notes for the record that the claims asserted against Special Agent Dominic Raguz were dismissed upon screening of Plaintiff's Complaint and did not proceed to service. *See* ECF No. 6 at 14; ECF No. 7 ¶¶ 1, 2(b)–(c), 5; ECF No. 9.

Troopers and Towamencin police officers as Defendants in this action. The remaining claims against the unknown Defendants cannot "proceed" any further in the absence of any named Defendants. *See Phillips v. Superintendent Chester SCI*, 739 F. App'x 125, 131 (3d Cir. 2018) ("Once the [d]istrict [c]ourt dismissed all of the claims against the named defendants, this claim against the Doe [d]efendants could not proceed."). Therefore, the Court will dismiss with prejudice the remaining claims asserted against the unnamed Pennsylvania Troopers and Towamencin police officers. *See, e.g.*, *Neiman v. Borough of Wyomissing*, No. 24-cv-0073, 2024 WL 2218955, at *12 (E.D. Pa. May 16, 2024) (dismissing with prejudice an unnamed officer from an action where "all named [d]efendants have been dismissed" (collecting cases)); *City of Phila. v. Hempstead Props., LLC*, No. 23-cv-2434, 2024 WL 1620792, at *5 n.4 (E.D. Pa. Apr. 15, 2024) ("As there are only John Does remaining in the case, [plaintiff's] equal protection claim is dismissed."); *Woodell v. Pa.D.O.C. Sec'y of Corr.*, No. 18-cv-4430, 2020 WL 2841380, at *17 (E.D. Pa. June 1, 2020) ("As there are only Doe defendants left in the case, this action is properly dismissed against them."), *aff'd sub nom.*, *Woodell v. Wetzel*, No. 20-3235, 2022 WL 17424287 (3d Cir. Dec. 6, 2022) (per curiam); *Williams v. Ortiz*, No. 16-cv-2903, 2019 WL 1384273, at *5 (E.D. Pa. Mar. 27, 2019) (dismissing a plaintiff's amended complaint where "the only remaining [d]efendants in [the] action [would otherwise] be several unnamed parties"). An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**